Okey, J.
By proceedings in the probate court of Scioto county, commenced in September, 1882, under Rev. Stat. §§ 6414-6453, the Cincinnati and Eastern Eailway Co., an Ohio corporation, condemned lands of O. W. Bailey, in that county, for its road-bed, paid into court $2000, the condemnation money, and took and still holds possession of the property. On petition in error by Bailey, the court of common pleas reversed the judgment, so far as it may be reversed in view of the rule stated in Wagner v. Railway Co., 38 Ohio St. 32. To reverse the judgment of reversal, the company prosecuted error in the district court; but that court dismissed the petition for want of jurisdiction, and the company now asks leave to file in this court a petition in error to reverse the order of dismissal.
The district court did not err. The appellate jurisdiction of the court of this state is statutory. The district court has power to reverse judgments and final orders (Eev. Stat. §§ 6707, 6709), but there had been ho such adjudication in the common pleas as afforded ground for a proceeding in error to that court. The common pleas was vested with power to reverse the judgment or order of the probate court (Rev. Stat. § 6437), but was required on reversal “to retain the cause for trial and final judgment, as in other cases,” and, moreover, such trial must be had at the term of reversal, unless for good cause a continuance is granted. Rev. Stat. § 6438. Consequently, the rule in case of reversal of the judgment of a justice of the peace applied, and not the rule where the district court reverses the judgment of the court of common pleas and remands the cause for a new trial. This distinction is stated in Schaeffer v. Marienthal, 17 Ohio St. 183, which was of the latter class. Even the rule asserted in that case has been changed (80 Ohio L. 169), so that the statutory provisions are now harmonious in denying the right to review a judgment of reversal, where the cause is again for hearing on the merits. Lewis v. Eustler, 4 Ohio St. 354, was under a different statute, *172 and the objection which prevails in this case was not presented or considered in that case.

Motion overruled.